# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 08 B 01548 |
| ) | Chapter 7 |
| BARRY E. BURKE, ) | Judge John H. Squires |
| ) | |
| Debtor. ) | |
| ) | |
| COLEMICHAEL INVESTMENTS, ) | Adversary No. 08 A 00252 |
| L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BARRY E. BURKE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion of ColeMichael Investments, L.L.C. ("ColeMichael") to reconsider denial of the motion for judgment on the pleadings or, in the alternative, for summary judgment. For the reasons set forth herein, the Court denies the motion. The Final Pretrial Order that was previously entered remains in full force and effect. This adversary proceeding is set for trial commencing on May 4, 2009.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334(a) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

-2-

## II. FACTS AND BACKGROUND

All of the relevant facts and background are found in the Court's Memorandum Opinion dated December 18, 2008, *ColeMichael Invs., L.L.C. v. Burke (In re Burke)*, 398 B.R. 608 (Bankr. N.D. Ill. 2008). Those facts are incorporated here by reference. Therein, the Court was asked to decide ColeMichael's motion for judgment on the pleadings on a four-count complaint filed in this adversary proceeding. Counts II through IV of the complaint seek a determination that the debt owed by the debtor, Barry E. Burke ("Burke"), to ColeMichael is non-dischargeable under 11 U.S.C. § 523(a)(2)(A), § 523(a)(4), and § 523(a)(6), respectively. Count I of the complaint alleges that Burke is collaterally estopped from re-litigating the issue of non-dischargeability of a final default judgment entered on March 11, 1999, in the District Court of Dallas County, Texas (the "Final Default Judgment"). It is this Final Default Judgment that ColeMichael contends entitles it to judgment on the pleadings, or in the alternative, summary judgment. The Court ultimately denied the motion for judgment on the pleadings because not all of the elements of collateral estoppel had been met. *Burke*, 398 B.R. at 626-28.

## III. APPLICABLE STANDARDS

### A. Motion to Alter or Amend a Judgment

A "motion to reconsider" is not formally designated by either the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure, except as provided in Bankruptcy Rule 3008, which allows reconsideration of orders allowing or disallowing claims against the estate. Rule 59(e) of the Federal Rules of Civil Procedure, as adopted by

-3-

Bankruptcy Rule 9023, permits a party to move the court to alter or amend a judgment entered by filing a motion to alter or amend, not one styled as a "motion to reconsider." ColeMichael fails to cite to the specific Rule it seeks relief under. Because the motion was filed within ten days of the entry of the Court's Memorandum Opinion and Order and the substance of the motion speaks to errors of law, the Court will treat the motion under Rule 59(e). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (stating that a post-judgment motion should be analyzed according to its substance, not its timing or label); *Borrero v. City of Chi.*, 456 F.3d 698, 701-02 (7th Cir. 2006) (same).

Rule 59(e) permits a party to move the court to alter or amend a judgment. FED.R.CIV.P. 59(e). Rule 59(e) motions serve a narrow purpose and must clearly establish a manifest error of law or fact, newly discovered evidence, *Obriecht*, 517 F.3d at 494; *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007), or an intervening change in the controlling law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). The decision to grant or deny a Rule 59(e) motion is within the court's discretion. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995).

"The rule essentially enables a . . . court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Indeed, the Rule permits a party to bring to the attention of the trial court "factual and legal errors that may change the outcome so they can be corrected. It does not allow a party to introduce new evidence earlier available, or advance arguments that could and should have been presented prior to the

-4-

judgment." *Herbstein v. Bruetman (In re Bruetman)*, 259 B.R. 672, 673-74 (Bankr. N.D. Ill. 2001). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (*quoting Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)).

The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.)*, 125 B.R. 963, 977 (Bankr. N.D. Ill. 1990). The rulings of a bankruptcy court "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *See Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). "A motion brought under Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants." *BNT Terminals*, 125 B.R. at 977.

### B.    Motion for Summary Judgment

In order to prevail on a motion for summary judgment, ColeMichael must show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *See* FED.R.CIV.P. 56(c) (made applicable by FED.R.BANKR.P. 7056). "[T]he court has one task and one task only: to decide, based on the evidence of record, whether there is any

-5-

material dispute of fact that requires a trial." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (internal quotation omitted). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (internal quotation omitted).

## IV. DISCUSSION

### A.    Motion to Alter or Amend a Judgment

ColeMichael does not contend that there is any newly discovered evidence or an intervening change in the controlling law. Thus, it order to succeed on its motion, ColeMichael must show that the Court committed a manifest error of law or fact. ColeMichael contends that the court erred in failing to apply collateral estoppel to the Final Default Judgment. Specifically, ColeMichael maintains that the Court misapprehended an important, uncontested fact–that Burke stipulated to the Final Default Judgment in proceedings in Illinois, including the factual findings on which the judgment was premised. According to ColeMichael, this fact is critical to the determination of whether the Final Default Judgment should be given preclusive effect and found non-dischargeable. ColeMichael argues that because Burke was given the opportunity to challenge the Final Default Judgment and failed to do so, the "actually litigated" requirement necessary for the application of the doctrine of collateral estoppel has been satisfied.

-6-

The Court finds that ColeMichael failed to demonstrate a manifest error of law or fact. The Texas court did not make any express factual findings in the Final Default Judgment regarding the allegations in the complaint filed in those proceedings The Court cannot determine, based on the evidence and limited record before it, whether the factual issues associated with claims under § 523(a)(2)(A), § 523(a)(4), or § 523(a)(6) were considered and actually litigated in the Texas proceedings. The Final Default Judgment does not expressly find that Burke committed fraud, was a fiduciary, or that his actions were willful and malicious. Even though these allegations were made in the complaint, the Texas court did not make specific findings that Burke committed fraud, was a fiduciary, or acted in a willful and malicious manner. A statement by the state court that facts contained in a complaint are deemed admitted is not tantamount to those facts and issues being actually litigated. In *Guardado v. Bozovic (In re Bozovic)*, Nos. 03 B 28675, 04 A 00160, 2004 WL 1905355 (Bankr. N.D. Ill. Aug. 24, 2004), this Court denied a motion for judgment on the pleadings based on the alleged collateral estoppel effect of an arbitration award and state court order confirming the award when neither contained any findings of fact. Pertinent to this matter, the Court noted:

> Detailed findings of fact from the earlier proceeding are necessary to enable the bankruptcy court in the subsequent adversary proceeding to determine which facts were actually proven, which issues were decided, and what was essential to the other court's judgment. . . . Absent an adequate showing of what evidence was submitted in the prior proceeding and an absence of detailed findings of fact and conclusions of law from that proceeding, the doctrine of collateral estoppel is not properly applied here.

*Id.* at *6.

-7-

The Court rejects ColeMichael's argument that the Final Default Judgment meets the "actually litigated" requirement for the application of collateral estoppel. Pursuant to Texas law, a "no answer" default judgment does not meet the "actually litigated" prong of collateral estoppel. *Gober v. Terra + Corp.*, 100 F.3d 1195, 1204 (5th Cir. 1996); *Fitch v. Fitch (In re Fitch)*, 349 B.R. 133, 142 (Bankr. N.D. Tex. 2006); *T.D. Farrell Constr., Inc. v. Schreiber*, Nos. H-08-642, 06-30361, 2008 WL 4831380, at *9 (S.D. Tex. Nov. 3, 2008). The Final Default Judgment was entered against Burke after he failed to answer the complaint filed in the Texas proceedings. The Texas court did not make any detailed factual findings sufficient for this Court to determine whether all the requisite elements for the dischargeability claims have been met. It is this lack of specific factual findings by the Texas court that make it impossible for this Court to apply collateral estoppel to the Final Default Judgment.

Moreover, the subsequent post-judgment proceedings in Illinois and that court's findings cannot serve to supplement or augment the Texas court's judgment and the lack of requisite factual findings there. In short, the Illinois post-judgment enforcement proceedings, which, in part, determined Burke to be in criminal contempt of that court's orders, do not answer the question whether the alleged conduct of Burke was found to include proscribed conduct meeting all elements required to be non-dischargeable under either § 523(a)(2)(A), § 523(a)(4), or § 523(a)(6) of the Bankruptcy Code.

ColeMichael cites to *Klingman v. Levinson*, 831 F.2d 1292 (7th Cir. 1987), and argues that Burke's failure to challenge the Final Default Judgment amounts to a consent judgment, which should be given preclusive effect. ColeMichael contends that Burke should

-8-

have reasonably foreseen the conclusive effect of his actions when he consented to the validity and enforceability of the Final Default Judgment.

The *Klingman* case does not apply here. First, the Final Default Judgment entered against Burke was rendered by the Dallas County court, which sits in Texas. Thus, Texas law regarding the doctrine of collateral estoppel applies to the Final Default Judgment. The *Klingman* case did not discuss Texas law. Moreover, in *Klingman*, the Seventh Circuit addressed the issue of whether a consent judgment met the "actually litigated" requirement for the application of collateral estoppel. In the matter at bar, the Final Default Judgment was not a consent judgment. Burke did not consent to the entry of the Judgment. Rather, the Texas court entered the Final Default Judgment after Burke failed to file an answer. The fact that in the subsequent Illinois proceedings Burke withdrew his motion to stay post-judgment proceedings and consented to the validity and enforceability of the Final Default Judgment does not change the fact that when the Texas court entered that Judgment, it did so as a result of Burke's failure to answer the complaint, not as a result of Burke's consent. Accordingly, the *Klingman* case offers no support for ColeMichael's position.

Burke's subsequent consent to the validity and enforceability of the Final Default Judgment in the Illinois proceedings does not change the fact that the Texas court did not make any factual findings in the Judgment. Furthermore, the Final Default Judgment does not contain any admissions that Burke committed all requisite elements of ColeMichael's claims against him based on § 523(a)(2)(A), § 523(a)(4), or § 523(a)(6). These are the relevant alternate theories alleged for recovery here, but that were not decided in either the Texas or Illinois proceedings. The record before the Court is devoid of any admissions from

-9-

Burke in either the Illinois or Texas proceedings to establish all requisite elements of the dischargeability claims.

### B. Motion for Summary Judgment

For the same reasons articulated with respect to ColeMichael's request to reconsider the denial of judgment on the pleadings, the Court denies ColeMichael's request for summary judgment. Material issues of fact exist as noted in the Court's prior Memorandum Opinion, and ColeMichael has not demonstrated that it is entitled to judgment as a matter of law.

### V. CONCLUSION

For the foregoing reasons, the Court denies ColeMichael's motion to reconsider denial of the motion for judgment on the pleadings and for summary judgment.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

**ENTERED:**

DATE: 2/23/09

John H. Squires
United States Bankruptcy Judge

cc: See attached Service List

## SERVICE LIST

### ColeMichael Investments, LLC v. Barry E. Burke
Adversary Case No. 08 A 00252

Tracey L. Wolfe, Esq.
DeGrand & Wolfe, P.C.
20 S. Clark Street, Suite 2620
Chicago, IL 60603

Thomas N. Auwers, Esq.
Heller & Richmond, Ltd.
33 N. Deaborn Street, Suite 1600
Chicago, IL 60602

David R. Brown, Esq.
Springer, Brown, Covey, Gaertner & Davis
400 S. County Farm Road, Suite 330
Wheaton, IL 60187

William T. Neary, United States Trustee
219 S. Dearborn Street
Suite 873
Chicago, IL 60604